**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-7590**

DELONTE KINGSBERRY,

                Petitioner - Appellant,

        v.

STATE OF MARYLAND,

                Respondent - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.   Alexander Williams, Jr., District Judge.  (8:12-cv-01556-AW)

Submitted:  January 17, 2013        Decided:  January 22, 2013

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Delonte Kingsberry, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Delonte Kingsberry seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b) motion for reconsideration of the district court's 2007 order denying relief on his 28 U.S.C. § 2254 (2006) petition.

To the extent Kingsberry's motion is a true Rule 60(b) motion, the order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2006); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85. We have independently reviewed the record and conclude that Kingsberry has not made the requisite showing.

2

To the extent that Kingsberry intended his Rule 60(b) motion to function as a request for authorization to file a successive § 2254 petition, we deny the request. <u>United States v. Winestock</u>, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2254 petition, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. § 2244(b)(2) (2006). Kingsberry's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2254 petition.

Accordingly, we deny a certificate of appealability, deny leave to proceed in forma pauperis, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>

3